UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA : | **MEMORANDUM DECISION** |
| - against - : | |
| | 97 Cr. 817 (DC) |
| KERRY CLARK, : | |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPEARANCES:**   AUDREY STRAUSS, Esq.
United States Attorney for the
Southern District of New York
  By:  Thane Rehn, Esq.
    Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York  10007

SULLIVAN & CROMWELL LLP
Attorneys for Defendant
  By:  Alexander J. Willscher, Esq.
    Jessica R. Ecker, Esq.
125 Broad Street
New York, New York  10004

**CHIN, Circuit Judge:**

On October 14, 1999, defendant Kerry Clark was convicted of conspiracy to distribute heroin, racketeering, and conspiracy to commit racketeering. On May 2, 2000, I sentenced him to a total term of imprisonment of 360 months. Mr. Clark now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Dkt.

No. 603 ("Def. Mem.").  He contends that the increased risk of contracting COVID-19 in prison, the "unusual length" of his sentence, and his "considerable rehabilitation" constitute "extraordinary and compelling" circumstances warranting compassionate release.  Def. Mem. at 15-16.  He further contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

For the reasons set out below, the motion is GRANTED.

## BACKGROUND

**A.     Clark's Crimes, Conviction, and Sentencing**

From 1988 onwards, the Maisonet organization trafficked hundreds of kilograms of heroin in the Bronx.  Presentence Investigation Report ("PSR") ¶¶ 41, 86.  As a manager in the Maisonet organization from 1991 to 1998, Mr. Clark supervised low-level drug dealers.  PSR ¶¶ 33, 49-50.

On October 14, 1999, a jury convicted Mr. Clark of conspiracy to distribute heroin, racketeering, and conspiracy to commit racketeering.  Dkt. No. 325; Dkt. No. 607 ("Gov't Opp'n") at 1.

I sentenced Mr. Clark on May 2, 2000 and determined that the base offense level was 38.  Dkt. No. 603, Ex. A ("Sent'g Tr.") at 7.  After imposing two levels for obstruction of justice, I declined to impose an additional three levels for Mr. Clark's low-level management role because it "would mean a life sentence for a 23-year-old."  *Id.* at 6.  The total offense level was 40 and the Criminal History Category was IV,

resulting in an advisory Guidelines range of 360 months to life.  *Id.*  I sentenced Mr. Clark to 360 months' imprisonment, followed by 10 years of supervised release.

**B.**     **Clark's Request for Compassionate Release**

On July 14, 2020, Mr. Clark filed a *pro se* motion for compassionate release, which the government opposed by arguing that Mr. Clark failed to exhaust his administrative remedies.  Dkt. No. 586.  Mr. Clark then obtained counsel and withdrew his motion.  Dkt. No. 594.

Subsequently, Mr. Clark made a request to the Warden at FMC Devens, where he is incarcerated, for compassionate release on December 9, 2020.  Gov't Opp'n at 2; Def. Mem. at 10 n.17, Ex. I.[1]  The Warden denied his request on December 18, 2020, and Mr. Clark filed the instant motion on January 8, 2021, 30 days after the Warden received his request.  Def. Mem. at 10 & Ex. J; Dkt. No. 602.  The government opposed the motion by letter filed on January 29, 2021.  Gov't Opp. at 1.  Mr. Clark filed a reply on February 3, 2021.  Dkt. No. 608 ("Reply") Mem. at 1.

Mr. Clark, now 44 years old, has an expected release date of November 19, 2024.  Gov't Opp'n at 2.

---

[1]     There is a discrepancy in the parties' submissions regarding the date Mr. Clark submitted his request to the Warden.  *See* Def. Mem. at 10 n.17 & Ex.I (suggesting that Mr. Clark filed the request for compassionate release on December 8, 2020); Gov't Opp'n at 2 ("The defendant filed a request with BOP for compassionate release on December 9, 2020 . . . .").  I need not resolve this discrepancy because either way Mr. Clark filed his motion 30 days after the Warden's receipt of Mr. Clark's request on December 9, 2020.  *See* Def. Mem. 10 n.17 & Ex. J.

## DISCUSSION

**A.     Applicable Law**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons (the "BOP") or the defendant.  *See United States v. Gil*, No. 90 Cr. 306 (KMW), 2020 WL 2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17 Cr. 118-6 (KPR), 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020).  A defendant may move for a reduction under the statute only upon exhausting administrative remedies within the BOP.  *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a sentence if it finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if extraordinary and compelling reasons are shown.  18 U.S.C. § 3582(c)(1)(A).  Courts were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited the reasons that qualified as extraordinary and compelling.[2]  *United States v. Brooker*, 976

---

[2]     Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were limited to: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP.  U.S. Sentencing Manual § 1B1.13, n.1.

4

F.3d 228, 230 (2d Cir. 2020).  The Second Circuit has now held, however, that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *Brooker*, 976 F.3d at 237; *see also United States v. Ciprian*, No. 11 Cr. 1032 (PAE), 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]he Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons or by its freestanding requirement that the defendant seeking release not pose any danger to the community.").  *United States v. Pellegrino*, No. 18-CR-0496-1(JS), 2020 WL 5820325, at *4 (E.D.N.Y. Sept. 30, 2020).  Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons.  *Id.*  Rehabilitation alone, however, "shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).

If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in section 3553(a), to the extent they are applicable.  *See United States v. Israel*, No. 05 CR 1039 (CM), 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019).  These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the

defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a).

On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted. *See Patterson*, 2020 WL 2571044, at *2.

### B. Application

As a threshold matter, Mr. Clark has exhausted his administrative remedies, as the Warden denied his request for release and more than 30 days have elapsed since the Warden received the request to file the instant motion. Def. Mem. at 10 n.17, Ex. J.

First, I consider whether Mr. Clark is eligible for compassionate release under section 3582(c)(1)(A), that is, whether he has demonstrated extraordinary and compelling reasons warranting a sentence reduction. I conclude that he has. Second, I consider whether to grant the motion by weighing the factors set forth in section 3553(a), to the extent they are applicable. I conclude that the statutory factors weigh in favor of granting the motion.

#### 1. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." Rather, the Court has broad discretion to consider reasons beyond those listed in the Sentencing Guidelines, including "the severity of [the defendant's] sentence in weighing his motion for compassionate release," *United States v. Vargas*, No. 88 Cr. 325

(VEC), 2020 WL 6886646, at *6 (S.D.N.Y. Nov. 24, 2020), the defendant's "age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence," and "the present coronavirus pandemic, which courts around the country . . . have used as a justification for granting some sentence reduction motions." *Brooker*, 976 F.3d at 238.  Where "no single factor alone" may justify release, the total circumstances may still rise to the level of extraordinary and compelling reasons for release.  *See Vargas*, 2020 WL 6886646, at *1 (finding that, in combination, the defendant's rehabilitation, harsh sentence, medical issues, the pandemic, and intention to care for his mother were extraordinary and compelling reasons).  I conclude that Mr. Clark has demonstrated extraordinary and compelling circumstances that qualify him for compassionate release.

       First, Mr. Clark was sentenced to 30 years in prison, an exceedingly harsh sentence for his crimes.   I sentenced Mr. Clark in May 2000 under the then-mandatory Sentencing Guidelines.  Since the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 245 (2005), however, the Sentencing Guidelines have been advisory, not mandatory, and many defendants who were sentenced under the mandatory Sentencing Guidelines likely would not receive similar sentences in today's sentencing scheme.  *See, e.g.*, *Vargas*, 2020 WL 6886646, at *5.  If Mr. Clark were sentenced today, I likely would impose a lower sentence.  At the time of Mr. Clark's sentencing hearing, I recognized that the Guidelines provided for an exceptionally long sentence for his

7

crimes, ranging from 360 months to life, and that if I had accepted all of the Government's proposed enhancements, the mandatory Guidelines would have required that I impose "a life sentence for a 23-year-old." Sent'g Tr. at 6. I thought that a life sentence was "uncalled for" and imposed the lowest permissible sentence, 360 months. *Id.* at 7.

Second, Mr. Clark has now served over 85 percent of what was an undoubtedly harsh sentence.

Third, Mr. Clark has made significant strides toward his rehabilitation. During the 23 years of his incarceration, Mr. Clark has only been involved in one disciplinary infraction that involved violent conduct, and since his recovery from his drug addiction, the number of his disciplinary infractions overall has diminished significantly. Def. Mem. at 5 & Ex. D. Since 2016, he has maintained "clear conduct." Def. Mem., Ex. D at 3. Furthermore, Mr. Clark acquired his GED within the first year of his incarceration and took dozens of classes and educational programs. *Id.* In addition to his coursework, he also worked as a hospital companion, a safety clerk, and a unit orderly. A safety administrator at the prison said about Mr. Clark, "[Mr. Clark] would be a productive member of society upon his release, he has a good work ethic," and "has the aptitude to succeed in any endeavor he chooses to undertake." Dkt. No. 606-2 at 2.

Fourth, like the rest of the world, the prisons are struggling with pandemic. Courts have granted compassionate release to defendants who have an

increased risk of serious illness or death from COVID-19.  *See, e.g., Vargas*, 2020 WL 6886646, at *7.  While Mr. Clark has no underlying medical conditions that heighten his risk, there is an increased risk merely from being in prison.  *See United States v. Pacheco*, No. 12 Cr. 408 (JMF), 2020 WL 4350257, at *1 (S.D.N.Y. July 29, 2020) ("[T]he threat of COVID-19 to those in prison, by itself, constitutes an extraordinary and compelling reason for compassionate release."); *United States v. Nkanga*, 450 F. Supp. 3d 491, 492 (S.D.N.Y. Mar. 31, 2020) ("Realistically, the best -- perhaps the only way -- to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible.").  Apart from the risk of infection, the pandemic has made prison conditions even more difficult than they usually are.

While each reason, considered individually, might not be sufficient to constitute extraordinary and compelling grounds for compassionate release, when all of the factors are considered as a whole, I find that his harsh sentence, his completion of 85 percent of that sentence, his rehabilitation, and the ongoing COVID-19 pandemic are circumstances that rise to the level of extraordinary and compelling reasons qualifying Mr. Clark for compassionate release.

### 2. The 3553(a) Factors

I conclude, based on the circumstances discussed above and consideration of the section 3553(a) factors, that Mr. Clark's motion should be granted.  First, the nature and circumstances of Mr. Clark's offenses, as well as his history and

characteristics, weigh in favor of compassionate release. Mr. Clark's offenses, while serious, were nonviolent and he does not have a history of violence. He struggled with drug addiction at the beginning of his incarceration, but he has since overcome it. His subsequent rehabilitation demonstrates that the "time he has served in prison has achieved much of the original sentence's retributive, deterrent, and incapacitative purpose." *United States v. Pena*, 459 F. Supp. 3d 544, 551 (S.D.N.Y. May 8, 2020).

Second, shortening Mr. Clark's sentence does not undermine the seriousness of the offense, or fail to respect the law, provide just punishment, or adequately deter criminal conduct. As discussed above, Mr. Clark's sentence was a product of the then-mandatory Sentencing Guidelines and under today's sentencing scheme, I would not have given him such a long and harsh sentence. Additionally, courts have found that compassionate release for defendants who have served the significant majority, at least two-thirds, of their sentences does not undermine sentencing goals. *See, e.g.*, *United States v. Van Praagh*, No. 14 Cr. 189 (PAC), 2020 WL 3892502, at *4 (S.D.N.Y. July 10, 2020). Mr. Clark has exceeded this threshold, having served over 85 percent of a harsh sentence. Furthermore, the threat of a 20-plus-year sentence should still substantially deter others.

Third, shortening Mr. Clark's sentence will also help avoid unwarranted disparities in sentencing. Mr. Clark notes that his sentence is substantially longer than similarly situated co-defendants. *See* Def. Mem. at 4 n.2. I noted this disparity at his

sentencing hearing and the troubling context of his relatively severe punishment as compared to individuals who were arguably more culpable than him.  *See* Sent'g Tr. at 5-6.  In sum, the disparities in sentencing counsel in favor of Mr. Clark's release.

Finally, Mr. Clark poses no danger to the public.  His crimes and imprisonment show that he does not have a propensity for violence.  He has the unconditional support of his family and upon his release, Mr. Clark will live with his sister.  *See* Def. Mem. at 6, Ex. E.  Additionally, Mr. Clark must adhere to the terms of his supervised release.  Failure to do so would result in reimprisonment.  Altogether, the 3553(a) factors weigh in favor of Mr. Clark's compassionate release.

For the reasons discussed above, I also determine that a 10-year term of supervised release is unnecessary and, in light of present circumstances, no longer warranted.

## CONCLUSION

Mr. Clark's motion for compassionate release is hereby GRANTED.  More specifically, the Court orders that:

1. Mr. Clark's sentence of incarceration is reduced to time served plus 10 days;

2. the BOP shall release Mr. Clark from custody, no later than ten days from today; and

11

       3.       Mr. Clark's term of supervised release is reduced to three years, subject to the conditions of release set forth in the judgment dated May 4, 2000, *see* Dkt. No. 371, modified as follows:

       a.       Upon release, Mr. Clark shall travel from FMC Devens to his sister's home in Peekskill, New York, wearing a mask en route, and shall self-quarantine there for 14 days;

       b.       Mr. Clark is to report to the nearest Probation Office 15 days after his release from custody.

       SO ORDERED.

Dated:       New York, New York
                 March 18, 2021

                                                              /s/DC
                                           DENNY CHIN
                                           United States Circuit Judge
                                           Sitting by Designation