UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                   :

               - v-                   :          **MEMORANDUM DECISION**
                                                       **AND ORDER**

KERRY CLARK,                               :

                                                       97-CR-817 (DC)

                          Defendant.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:            KERRY CLARK
                              Defendant *Pro Se*
                              63 Wells Ave, Apt. 412
                              Yonkers, NY, 10701

CHIN, Circuit Judge:

        Defendant Kerry Clark, by letter dated December 3, 2025, petitions the

Court for an "order recognizing rehabilitation and recommending employment

consideration."  Def. Mot. at 3.  Specifically, the proposed order that Clark included in

his motion would grant "certificate-style relief from employment-related disabilities."

*Id.*  The Court construes his petition as an application for a certificate of relief from civil

disabilities, including employment-related disabilities, pursuant to New York

Correction Law § 702.  For the following reasons, Clark's application is DENIED.

## BACKGROUND

Clark was a manager in the Maisonet Organization, which trafficked and distributed hundreds of kilograms of heroin in the Bronx.  Presentence Investigation Report ¶¶ 41, 86.  From 1991 to 1998, Clark supervised low-level drug dealers in the organization.  *Id.* ¶¶ 33, 49-50.  On October 14, 1999, a jury convicted him of conspiracy to distribute heroin, racketeering, and conspiracy to commit racketeering.  Dkt. Nos. 325, 607.  On May 2, 2000, I sentenced Clark to 360 months' imprisonment, followed by 10 years of supervised release.  Dkt. No. 603 Ex. A at 7.  At the time of his sentencing, Clark was 23 years old.  *Id.* at 6.

On March 18, 2021, I granted Clark's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and reduced his sentence of incarceration to time served plus ten days and his term of supervised release to three years.  Dkt. No. 609 at 11-12.  Clark was released from prison and successfully completed his term of supervised release in March 2024.  Def. Mot. at 1.

## DISCUSSION

In his instant petition, Clark notes that since completing his supervised release, he has had no new contact with law enforcement and has been successfully reintegrating into his family and community.  *Id.*  Clark, however, has faced significant challenges in obtaining employment, having been furloughed from his previous employer and disqualified from a job as a school bus driver after he obtained his

Commercial Driver's License.  *Id.* at 3.  He asks this Court to provide an order "for the purpose of demonstrating [his] rehabilitation and suitability for employment" by formally acknowledging his rehabilitation and "recommend[ing] that employers, agencies, and licensing authorities give full and fair consideration" to his employment applications.  *Id.* at 4.  I construe this petition as an application for a certificate of relief from civil disabilities pursuant to New York Correction Law § 702, which permits "any court of this state" to issue such a certificate to eligible offenders.  N.Y. Correct. Law § 702 (McKinney 2025).

Although I acknowledge that Clark faces barriers to employment given his criminal history, this Court lacks the legal authority to issue such an order.  Our Circuit has long held that federal courts lack the authority to grant certificates of relief from civil disabilities under § 702, even if those disabilities are incurred as a result of a federal conviction.  *See United States v. Da Grossa*, 446 F.2d 902, 903 (2d Cir. 1971) (holding that federal courts are not considered a "court of this state" within the meaning of § 702).[1]

Notwithstanding this decision, Clark may seek a certificate of relief from the proper *State* authority -- here, the New York Department of Corrections and Community Supervision ("DOCCS").  Section 703(1)(a) provides that DOCCS "shall

---

[1] Clark even acknowledges in his letter that federal law does not provide for the type of certificate-style relief he requests.  *See* Def. Mot. at 4.

have the power to issue a certificate of relief from disabilities to . . . any eligible offender who resides within [New York] and whose judgment of conviction was rendered by a court in any other jurisdiction," which includes federal courts.  N.Y. Correct. Law § 703 (McKinney 2025); *see also Certificate of Relief*, New York State Dep't of Corr. and Cmty. Supervision, https://doccs.ny.gov/certificate-relief-good-conduct-restoration-rights [https://perma.cc/PL7D-RQCZ] (last visited Dec. 15, 2025) (noting that DOCCS may issue certificates of relief to "eligible individuals who now reside[] in New York State, but have been convicted in another state *or in federal court*") (emphasis added).  Clark may also take advantage of the many public and social programs that assist individuals with criminal records in obtaining employment.  In recognition of the employment-related challenges that Clark has faced, I note that New York State law prohibits denying employment to an individual based on their prior conviction unless there is a "direct relationship" between the criminal offense and specific employment sought.  *See* N.Y. Correct. Law § 752(1) (McKinney 2007).  And if Clark obtains a certificate of relief through the State system, the certificate "shall create a presumption of rehabilitation" when employers are making such an employment decision.  *See id.* § 753(2).

## CONCLUSION

For the reasons set forth above, Clark's request for a certificate of relief from civil disabilities is **DENIED.**  Nevertheless, Clark may pursue his request for relief under New York law before DOCCS, the proper state authority.

SO ORDERED.

Dated:        New York, New York
              December 16, 2025

                                        s/Denny Chin_____
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation